**Yitzchak Zelman, Esq.,**
**MARCUS & ZELMAN, LLC**
**701 Cookman Avenue, Suite 300**
**Asbury Park, New Jersey 07712**
**Tel: (732) 695-3282**
**Fax: (732) 298-6256**
**Email: yzelman@marcuszelman.com**
**Attorneys for Plaintiff**
*Pro Hac Vice*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAI JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br><br>ONE TECHNOLOGIES, LLC,<br><br>Defendant. | Civil Case No.:<br>**'20 CV 2017 JM   BLM**<br><br>**CIVIL ACTION**<br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kai Johnson (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against Defendant One Technologies, LLC ("Defendant"), and allege, upon personal knowledge as to their own conduct, and upon information and belief as to the conduct of others, as follows:

1

**INTRODUCTION**

2       1.      Plaintiff brings this Complaint against Defendant to secure redress

3   because Defendant willfully violated the Telephone Consumer Protection Act, 47

4   U.S.C § 227, et seq. ("TCPA") and invaded Plaintiff's privacy by causing unsolicited

5   text messages to be made to Plaintiff's and other class members' cellular telephones

6   through the use of an automatic telephone dialing system.

7

8       2.      Defendant made one or more unauthorized phone call and/or text message

9   to Plaintiff's cellular phone using an automatic telephone dialing system ("ATDS")

10  in an attempt to profit.

11

12      3.      The TCPA was enacted to protect consumers from unsolicited and phone

13  calls exactly like those alleged in this case. In response to Defendant's unlawful

14  conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited

15  phone calls and/or text messages to consumers, and an award of statutory damages to

16  the members of the Classes (defined below) under the TCPA equal to $1,500.00 per

17  violation, together with court costs, reasonable attorneys' fees, and treble damages

18  (for knowing and/or willful violations).

19

**PARTIES**

20      4.      Plaintiff at all time relevant hereto lives in San Diego, California.

21

22      5.      Defendant is and was at all relevant times a business entity duly formed

23  with a principal address at 8144 Walnut Hill Lane #600, Dallas, Texas 75231.

24

25      6.      Whenever in this Complaint it is alleged that Defendant committed any

26  act or omission, it is meant that the Defendant's officers, directors, vice-principals,

27  agents, servants, or employees committed such act or omission and that at the time

28  such act or omission was committed, it was done with the full authorization,

---

- 2 -

CLASS ACTION COMPLAINT

1    ratification or approval of Defendant or was done in the routine normal course and

2    scope of employment of the Defendant's officers, directors, vice-principals, agents,

3    servants, or employees.

4

5                  **JURISDICTION AND VENUE**

6        7.        This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this

7    action arises under the TCPA, a federal statute.

8

9        8.        The Court has personal jurisdiction over Defendant because it conducts

10    significant business in this District, and the unlawful conduct alleged in this

11    Complaint occurred in, was directed to, and/or emanated from this District.

12        9.        Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because

13    the wrongful conduct giving rise to this case occurred in, was directed to, and/or

14    emanated from this District.

15

16        10.        Defendant is subject to specific personal jurisdiction in this District

17    because it has continuous and systematic contacts with this District through its

18    telemarketing efforts that target this District, and the exercise of personal jurisdiction

19    over Defendant in this District does not offend traditional notions of fair play or

20    substantial justice.

21

22                 **LEGAL BASIS FOR THE CLAIMS**

23        11.        In 1991, Congress enacted the TCPA to regulate the explosive growth of

24    the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted

25    telemarketing … can be an intrusive invasion of privacy.…" Telephone Consumer

26    Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. §

27    227).

28

12.     Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems – principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

13.     In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption. Therefore, all pre-recorded telemarketing calls to residential lines and all ATDS calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

14.     As of October 16, 2013, unless the recipient has given prior express written consent,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

● Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

● Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

● Prohibit solicitations to residences that use an artificial voice or a recording.

● Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

● Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

● Prohibit autodialed calls that engage two or more lines of a multi-line business.

● Prohibit unsolicited advertising faxes.

● Prohibit certain calls to members of the National Do Not Call Registry.

15.     Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and*

*Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.,* 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

16.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## FACTUAL ALLEGATIONS

17.     Defendant operates a generation lead company in which it solicits consumers in an attempt to divert them to one of their partner sites for profit.

18.     Defendant utilizes a sophisticated telephone dialing system to text consumers en masse in an effort to profit. However, Defendant fails to get the requisite prior consent prior to texting.

19.     In fact, there have been numerous complaints on the better business bureau from consumers complaining of receiving numerous unsolicited and harassing phone calls from the Defendant.

20.      In Defendant's overzealous attempt to market its services, Defendant knowingly made (and continues to make) telemarketing phone calls without the prior express written consent of the call recipients and with the knowledge that they did not have the prior express written consent. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the Classes, but also intentionally and repeatedly violated the TCPA.

## FACTUAL BACKGROUND AS TO PLAINTIFF

21.     For at least the last ten years, Plaintiff has been the owner of a cellular telephone number ending in 6842.

22.     On November 19, 2014, Plaintiff's cellular telephone was registered with the National Do Not Call Registry.

23.     Within the last four years, at times better known by Defendant, Defendant began texting Plaintiff on his cellular telephone number via an ATDS, as defined by 47 U.S.C. § 227(a)(1).

24. Each text message included an unsolicited advertisement and requested a call to action. Such messages included:

   a. June 17, 2020 "Carlos There's been an increase to your CreditScore"

   b. July 23, 2020 "A Change Has been Made to Your Score(s)"

   c. "Data-Breach Alert – Check If Your Information Is Involved"

   d. "Notice, Change Detected On Your Credit File",

   e. "Score Update2: A Change Was Made To Your Three Score(s)".

25.     In each text message included a hyperlink at the end of the message. Upon clicking on link, Plaintiff was redirected to a website warning Plaintiff that he may be affected by the recent Equifax Data Breach, and instructing Plaintiff to click on another link. Upon clicking on that link, Plaintiff would be redirected to one of the many partner websites of One Technologies, LLC, including freescore360.com or ScoreSense.

26.     In fact, the web page hosted by www.freescore360.com states that "One Technologies, LLC is the proud owner of this website."

27.     Upon information and belief, Defendant directs and arranges for these automated messages to be sent to the Plaintiff by various shell companies, which messages all ultimately direct the recipient back to sites owned and controlled by the Defendant.

28.     Plaintiff never gave Defendant prior express consent for Defendant to call or text his cellular telephone.

29.     Over the last several months, Defendant has texted Plaintiff over fifteen (15) times using an ATDS.

## LEGAL CLAIMS

30.     Defendant's text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31.     Plaintiff did not provide Defendant prior express written consent to place texts to his cellular telephones utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

32.     All texts Defendant made to Plaintiff, invaded Plaintiffs' privacy and violated 47 U.S.C. § 227(b)(1).

33.     Plaintiff has reason to believe that Defendant has called, and continues to call, thousands of wireless telephone customers to market its services without consent and/or after consumers revoked their consent in a reasonable manner.

34.     In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of themselves and the Classes of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, et seq., which prohibits certain unsolicited text messages to cellular phones.

35.     On behalf of Plaintiff and the Class, Plaintiff seek an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the Class, which include:

a.      "The Class", consisting of all individuals in the United States who received a text message made by or on behalf of One Technologies, LLC to an individual's cellular telephone, with the use of an automatic telephone dialing system, without prior express consent, within the last four years.

b.      "National Do Not Call Class", consisting of all individuals in the United States, whose phone numbers were registered on the national do not call list, who received more than one text message made by or on behalf of One Technologies, LLC to an individual's telephone, where Defendant's records fail to indicate prior express written consent from the recipient to make such a text.

37.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

38.     Plaintiff and the Class members were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class via their cellular telephones by using an ATDS, thereby causing Plaintiffs and the Class to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid; and Plaintiffs and Class members' privacy was invaded.

39.     The exact size of the Class is presently unknown but can be ascertained through a review of Defendant's records, and it is clear that individual joinder is impracticable. Defendant made telephone calls to thousands of consumers who fall into the definition of the Classes.

40.     There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

41.     Common questions for the Classes include, without limitation:

    a.     Whether Defendant's conduct violated the TCPA;

    b.     Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

    c.     Whether Defendant made phone calls to consumers using any automatic dialing system to any telephone number assigned to a cellular phone service; and

    d.     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

- 10 -

42.     Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

43.     Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions.

44.     Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

45.     This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class, and making final injunctive relief appropriate with respect to the Class as a whole.

46.     Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

47.     This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

48.     The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

49.     Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct.

50.     Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

51.     By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227

52.     Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

53.     Defendant made unsolicited and unauthorized phone calls to Plaintiff's and the Class members cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Class, with the use of an ATDS or pre-recorded messages.

54.     Defendant made the phone calls with the knowledge that they did not have the requisite prior express consent.

55.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

56.     Defendant made unsolicited and unauthorized calls to Plaintiff, and to the National Do Not Call Registry Class, for the purpose of marketing products and/or services to those Plaintiffs and the Class.

57.     Defendant's conduct invaded Plaintiff's privacy.

58.     As a result of Defendant's violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59.     Because Defendant had knowledge that Plaintiff and the Class revoked consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the Classes.

60.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### JURY DEMAND

Plaintiff and the Class demand a jury trial on all issues so triable.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully request the following relief:

a.    An order certifying this matter as a class action with Plaintiffs as Class Representatives, and designating Marcus & Zelman, LLC as Class Counsel.

b.    An award of actual or statutory damages for each and every negligent violation to each member of the Classes pursuant to 47 U.S.C. § 227(b)(3)(B);

c.    An award of treble actual or statutory damages for each and every knowing and/or willful violation to each member of the Classes pursuant to 47 U.S.C § 227(b)(3)(B);

d.    Injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

e.     Pre-judgment and post-judgment interest on monetary relief; and

f.    All other and further relief as the Court deems necessary, just, and proper.

Dated:      October 13, 2020

/s/ Joshua B. Swigart
Joshua B. Swigart
**SWIGART LAW GROUP, APC**
2221 Camino del Rio South, Suite 308
San Diego, California 92108
Telephone: (866) 219-3343
Facsimile: (866) 219-8344
Email: josh@swigartlawgroup.com

/s/ Yitzchak Zelman
Yitzchak Zelman

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRO HAC VICE MOTION TO BE FILED**

**MARCUS & ZELMAN, LLC**

701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
YZelman@MarcusZelman.com

***Attorneys for Plaintiff***

CLASS ACTION COMPLAINT