1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
Ari N. Rothman (SBN 296568)
  anrothman@venable.com
Bryan J. Weintrop (SBN 307416)
  bjweintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Defendant
One Technologies, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Kai Johnson,<br><br>             Plaintiff,<br><br>    v.<br><br>One Technologies, LLC,<br><br>             Defendants. | CASE NO. 3:20-cv-02017-JM-BLM<br><br>Assigned to the Hon. Jeffrey T. Miller<br>Courtroom 5D<br><br>**DEFENDANT ONE TECHNOLOGIES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Astra Zittlau; and Request for Judicial Notice]<br><br>**Hearing Information:**<br>Hearing:  February 22, 2021<br>Time:  10:00 a.m.<br>Courtroom:  5D<br><br>Action Filed:      October 14, 2020<br>Trial Date:        None set |

**V E N A B L E  L L P**
2049 CENTURY PARK EAST , SUITE 2300
LOS ANGELES, CA   90067
310-229-9900

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 22, 2021, at 10:00 a.m., in Courtroom 5 of the above-captioned Court, located at 221 West Broadway, San Diego, CA 92101, One Technologies, LLC hereby will and does move this Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2). Specifically, plaintiff cannot establish general jurisdiction because One Technologies is a Texas company based in Texas that is not "at home" in California. Likewise, plaintiff cannot establish specific jurisdiction because One Technologies did not send the text messages at issue, or authorize or direct their sending, much less intentionally send them into California or to plaintiff. And, exercising personal jurisdiction would be otherwise unfair and unjust.

This motion is based on the instant notice, the accompanying Memorandum of Points and Authorities, the Declaration of Astra Zittlau, the Request for Judicial Notice, the complete court file, including the records and pleadings on file in this matter, and any other oral or documentary evidence that may be presented to the Court at the time of the hearing.


Dated:  January 19, 2021                    VENABLE LLP


                                            By:  /s/ Ari N. Rothman
                                                 Ari N. Rothman
                                                 Bryan J. Weintrop
                                                 Attorneys for Defendant
                                                 One Technologies, LLC

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................1

II.     FACTS ...............................................................................................2

III.    LEGAL STANDARD ........................................................................5

IV.     GENERAL PERSONAL JURISDICTION DOES NOT EXIST OVER ONE TECHNOLOGIES ................................................................5

V.      SPECIFIC PERSONAL JURISDICTION DOES NOT EXIST OVER ONE TECHNOLOGIES ........................................................................7

      A.      One Technologies Did Not Purposefully Avail Itself of the Privilege of Conducting Activities in California. ...............................8

      B.      Plaintiff's Claim Does Not Arise Out Of One Technologies' Scant Forum-Related Activities. ...........................................................13

      C.      Exercising Jurisdiction over One Technologies Would Offend Traditional Notions of Fair Play and Substantial Justice. .................17

VI.     CONCLUSION ................................................................................18

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aggrenox Antitrust Litig.*,
  No. 3:14-md-2516, 2015 WL 1311352 (D. Conn. March 23, 2015) .................. 6

*Alsop v. Carolina Custom Prods., Inc.*,
  No. 07-cv-0212, 2007 WL 2441025 (C.D. Cal. June 29, 2007) ...................... 12

*Alvord v. Fluent Inc.*,
  No. 2:19-cv-885, 2020 WL 4346960 (D. Utah July 29, 2020) .................. *passim*

*Asahi Metal Industry Co., Ltd. v. Superior Court*,
  480 U.S. 102 (1987) ....................................................................... 17

*Doering ex rel. Barrett v. Copper Mountain, Inc.*,
  259 F.3d 1202 (10th Cir. 2001) ........................................................ 7

*Brand v. Menlove Dodge*,
  796 F.2d 1070 (9th Cir. 1986) ......................................................... 6

*Bright v. Primary Source Media*,
  No. 98-cv-1313, 1998 WL 671247 (N.D. Cal. Sept. 29, 1998) ...................... 16

*Bristol-Myers Squibb Co. v. Superior Court of California, San
  Francisco Cty.*,
  137 S. Ct. 1773 (2017) ............................................................ 5, 7, 13

*Burger King v. Rudzewicz*,
  471 U.S. 462 (1985) ...................................................................... 13

*Campanelli v. Image First Unif. Rental Serv., Inc.*,
  No. 15-cv-04456, 2016 WL 4729173 (N.D. Cal. Sept. 12, 2016) ................... 16

*Cascade Corp. v. HiabFoco AB*,
  619 F.2d 36 (9th Cir. 1980) ............................................................ 13

*Castillo v. Caesars Entm't Corp.*,
  No. 18-cv-05781, 2018 WL 6199682 (N.D. Cal. Nov. 28, 2018) ................... 10

*Congoleum Corp. v. DL W Aktiengelsellschaft*,
  729 F.2d 1240 (9th Cir. 1984) .......................................................... 7

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA   90067
310-229-9900

ii

*Cybersell Inc. v. Cybersell Inc.*,
   130 F.3d 414 (9th Cir. 1997) ........................................................................ 18

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) .................................................................................... 5, 6

*Duncanson v. Wine & Canvas IP Holdings LLC*,
   2017 WL 6994541 (S.D. Ind. Apr. 20, 2017) ................................................ 5

*Durward v. One Technologies*,
   No. 2:19-cv-06371-GW, 2019 WL 4930229 (C.D. Cal. Oct. 3,
   2019) .................................................................................................... *passim*

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ....................................................................................... 5

*Haas v. A.M. King Indus., Inc.*,
   28 F. Supp. 2d 644 (D. Utah 1998) ........................................................ 7, 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ....................................................................................... 5

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) ....................................................................................... 7

*Knapp v. Sage Payment Solutions*,
   No. 17-cv-03591, 2018 WL 659016 (N.D. Cal. Feb. 1, 2018) ...................... 17

*Kransco Mfg., Inc. v. Markwitz*,
   656 F2d 1376 (9th Cir. 1981) ...................................................................... 16

*Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*,
   No. 10-cv-1068, 2011 WL 333337 (D. Ariz. Jan.31, 2011) .......................... 13

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
   52 F.3d 267 (9th Cir. 1995) ........................................................................... 8

*Phillips v. Worldwide Internet Sols.*,
   No. 05-cv-5125, 2006 WL 1709189 (N.D. Cal. June 20, 2006) ......... 2, 7, 13, 16

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ......................................................................... 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

iii

*Senne v. Kansas City Royals Baseball Corp.*,
105 F. Supp. 3d 981 (N.D. Cal. 2015) .............................................................. 6

*Snowney v. Harrah's Entm't, Inc.*,
35 Cal. 4th 1054 (2005) ................................................................................... 15

*Thurston v. Airfield Collectibles of Georgia, LLC*,
53 Cal. App. 5th 1231 (2020) .......................................................................... 14

*Turizo v. Jiffy Lube Int'l, Inc.*
No. 19-cv-61140, 2019 WL 4737696 (S.D. Fla. Sept. 27, 2019) ..................... 17

*Walden v. Fiore*,
134 S. Ct. 1115 (2014) ................................................................................. 7, 14

*Williams v. Yamaha Motor Co.*,
851 F.3d 1015 (9th Cir. 2017) ......................................................................... 16

*XMission, LC v. Fluent, LLC*,
955 F.3d 833 (10th Cir. 2020) .................................................................*passim*

*Zoobuh, Inc. v. Williams*,
No. 2:13-cv-0791, 2014 WL 7261786 (D. Utah Dec. 18, 2014) ....... 2, 10, 11, 16

**Statutes**

47 U.S.C. § 227 ............................................................................................... 1, 3

**Other Authorities**

Fed. R. Civ. Proc. 12 .................................................................................. 1, 2, 9, 18

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

iv

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

51131676

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

One Technologies LLC moves for dismissal of plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) because nothing in the amended complaint provides a basis for the Court to exercise personal jurisdiction over One Technologies for purposes of this litigation.

Plaintiff's sole cause of action is for receiving allegedly unsolicited text messages that he claims violate the Telephone Consumer Protection Act, 47 U.S.C. § 227.  However, plaintiff's amended complaint contains no allegations providing a basis for exercising jurisdiction over One Technologies.  Foremost, the text messages attached to the First Amended Complaint do not name or advertise One Technologies.  And, the reason is simple: One Technologies did not send any of the text messages over which plaintiff sues, never communicated with the plaintiff, and lacked knowledge that any of the challenged text messages were sent to plaintiff until after plaintiff filed this lawsuit.  Moreover, One Technologies expressly prohibits entities advertising its products and services via text messages and from otherwise engaging in telemarketing to promote its products and services.  And, even if text messages sent by third parties contained hyperlinks advertising One Technologies' services as plaintiff alleges (which they did not), this would not suffice to confer personal jurisdiction over One Technologies in California.

A court recently found that no personal jurisdiction existed over defendants in a TCPA case where: the challenged text messages were sent by third parties; defendants did not send any text messages themselves; and the vast majority of the challenged text messages were not authorized by defendants. *Alvord v. Fluent Inc.*, No. 2:19-cv-885, 2020 WL 4346960 (D. Utah July 29, 2020).  Another court recently found no personal jurisdiction existed over One Technologies in California where the plaintiff alleged that One Technologies violated California's anti-spam statute based on unsolicited email messages promoting One

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1

Technologies' products and services sent by third parties to a California resident. *Durward v. One Technologies*, No. 2:19-cv-06371-GW, 2019 WL 4930229, at *1 (C.D. Cal. Oct. 3, 2019) (now on appeal). These courts are not alone in finding that messages sent by third parties do not confer personal jurisdiction on entities that did not send challenged messages in situations similar to the one presented here. *XMission, LC v. Fluent, LLC*, 955 F.3d 833, 846 (10th Cir. 2020) (personal jurisdiction did not exist over defendant that used third parties to send marketing messages because the plaintiff "ha[d] not made any showing that [defendant] knew that any email recipient resided in Utah"); *Zoobuh, Inc. v. Williams*, No. 2:13-cv-0791, 2014 WL 7261786, at *6 (D. Utah Dec. 18, 2014) (granting motion to dismiss for lack of personal jurisdiction where foreign company's supposedly unlawful email messages were sent to forum state residents by third party advertising publishers); *Phillips v. Worldwide Internet Sols.*, No. 05-cv-5125, 2006 WL 1709189, at *5 (N.D. Cal. June 20, 2006) (no personal jurisdiction where non-resident defendant allegedly sent or caused to be sent email messages to California resident). One Technologies respectfully submits that this Court should reach the same conclusions as these other courts and dismiss plaintiff's amended complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. FACTS

One Technologies, LLC is a Texas limited liability company with its principal place of business located in Dallas, Texas. (Exhibit 1 hereto, Declaration of Astra Zittlau (hereinafter referred to as "Zittlau Decl.") ¶ 2.) One Technologies operates a web-based business out of Dallas that provides consumers with credit monitoring, credit education and analysis tools, and identity theft prevention and mitigation products. (*Id.* ¶ 9.) These services help One Technologies' customers navigate the credit reporting landscape by providing ongoing and up-to-date information about their credit scores and reports, combined with a variety of tools

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

and products to learn about credit, research personal credit trends, and project the consequences of credit decisions. (*Id.* ¶ 9.)

All of One Technologies' members are Texas citizens. (*Id.* ¶ 2.) Its executives and employees are all located in Dallas, Texas, and it does not have any executives or employees located in or doing business in California. (*Id.* ¶¶ 3-4.) One Technologies does not own, use, or possess any real estate, offices, property, assets, telephone listings, mailing address, bank accounts, or any other assets in California. (*Id.* ¶ 5.) One Technologies provides all of its services from Dallas, Texas, where its employees are located. (*Id.* ¶¶ 3, 6.) One Technologies is not licensed or regulated by any California government agency. (*Id.* ¶ 7.)

Plaintiff Kai Johnson alleges that he is a California resident who received 15 text messages in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (First Amended Complaint ("FAC") ¶¶ 2, 4, 34.) Although plaintiff attaches copies of the text messages to the FAC, and alleges that "[u]pon clicking on the link, Plaintiff was redirected to a website warning Plaintiff that he may be affected by the recent Equifax Data Breach, and instructing Plaintiff to click on another link" and that "[u]pon clicking on that link, Plaintiff ***would be*** redirected to one of the many partner websites of One Technologies, LLC, including freescore360.com or ScoreSense" (FAC ¶ 28) (emphasis added), he did not attach to his complaint any proof that he actually was redirected to any One Technologies website and indeed alleges that he "would be" redirected not that he was redirected. Indeed, the text messages do not mention One Technologies or any of its brands at all. (Zittlau Decl. ¶¶ 13(i).) And, although plaintiff alleges that "[u]sing the Internet and his technical expertise, Plaintiff traced each of these messages back to the Defendant" (FAC ¶ 30), he provides nothing supporting this conclusory allegation.

In fact, One Technologies had no involvement in the text messages alleged in the amended complaint: it did not send the text messages, authorize the sending

3

1    of the text messages, direct a third party to send the text messages, draft the

2    messages, control the content of the messages, choose the recipients of the

3    messages, or obtain the telephone numbers from which the messages were sent.

4    (Zittlau Decl. ¶¶ 13-14.)   Although One Technologies engages independent

5    contractors known as "publishers" or "affiliates" to advertise One Technologies'

6    products and services, One Technologies prohibits them from promoting its

7    products and services via text messages or telemarketing. (*Id.* ¶¶ 10-13, Ex. A at

8    10.)   Likewise, One Technologies itself does not send any text messages to

9    promote its products and services. (Zittlau Decl. ¶ 10.)

10        One Technologies does not use, promote its services, or sell anything on any

11   of the URLs or domains contained in the text messages provided in the amended

12   complaint or in Exhibit A to the amended complaint. (Zittlau Decl. ¶¶ 13(b) & (c).)

13   One Technologies has not authorized any third parties to use, or sell or promote

14   any products or services on, any of the domain names or URLs contained in the

15   text messages in the amended complaint or in Exhibit A attached to the amended

16   complaint. (*Id.* ¶ 13(c).)   One Technologies did not use, and did not authorize any

17   third party to use, any of the telephone numbers used to send the text messages

18   referenced in Exhibit A of the amended complaint. (*Id.* ¶ 13(d).)

19        One Technologies has no record of plaintiff or the phone number referenced

20   in the amended complaint in any databases where such information would be

21   stored. (*Id*. ¶¶ 13(e).)   It also did not engage any call center, publisher, or affiliate

22   to send any text messages to plaintiff, or any text messages like the ones

23   challenged in the amended complaint. (*Id*. ¶¶ 13(f) & (g).)   One Technologies has

24   no record of an individual named "Kai Johnson" with a corresponding telephone

25   number ending in 6842 in One Technologies' records. (*Id*. ¶ 13(h).)   Thus, One

26   Technologies has no record of sending text messages to the plaintiff or of the text

27   messages plaintiff alleges he received and does not know the origin of the text

28   messages. (*Id.* ¶¶ 13-14.)   In fact, One Technologies did not even know about the

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

4

1    text messages over which plaintiff sues until this dispute arose. (*Id.* ¶ 14.)

2    ## III.   LEGAL STANDARD

3        Plaintiff bears the burden of making a *prima facie* showing of personal

4    jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th

5    Cir. 2004).   A court may only exercise personal jurisdiction over a non-resident

6    defendant if doing so would comport with the Fourteenth Amendment's Due

7    Process Clause because it "exposes defendants to the State's coercive power."

8    *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011).

9        Personal jurisdiction is established either through general, i.e. "all purpose,"

10   jurisdiction derived from a defendant's establishment of the jurisdiction as its

11   home base, or specific, i.e. "case-linked," jurisdiction derived from a defendant's

12   jurisdictional contacts if sufficiently related to the claims at issue. *Bristol-Myers*

13   *Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773,

14   1779 (2017).   Here, plaintiff cannot establish general personal jurisdiction or

15   specific personal jurisdiction.

16   ## IV.   GENERAL PERSONAL JURISDICTION DOES NOT EXIST OVER

17      ONE TECHNOLOGIES

18       For general jurisdiction to exist over a nonresident defendant, the corporate

19   defendant must have "continuous and systematic general business contacts" that

20   "approximate physical presence" in the forum state (here, California). *Helicopteros*

21   *Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984) (finding no

22   general jurisdiction where defendant did not have a place of business in forum state

23   and had never been licensed to do business in forum state, despite existence of

24   other connections).   For companies, the question is whether the jurisdiction is one

25   where the company is "at home." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840

26   (10th Cir. 2020); *Alvord v. Fluent Inc.*, No. 2:19-cv-885, 2020 WL 4346960, at *2

27   (D. Utah July 29, 2020); *Duncanson v. Wine & Canvas IP Holdings LLC*, 2017

28   WL 6994541, at *2-3 (S.D. Ind. Apr. 20, 2017) (citing *Daimler AG v. Bauman*,

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

571 U.S. 117 (2014) and district court opinions). "Being 'essentially at home' in a place is a very high bar, almost never found for corporations where they are neither incorporated nor headquartered." *In re Aggrenox Antitrust Litig.*, No. 3:14-md-2516, 2015 WL 1311352, at \*25 (D. Conn. March 23, 2015) (granting motion to dismiss). This is an exacting standard because a finding of general jurisdiction permits a defendant to be haled into court in the forum state in connection with any of its world-wide activities. *Daimler AG*, 571 U.S. at 138 (2014) ("exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business. . . is unacceptably grasping.") (quotations omitted); *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum).

Here, One Technologies is not "at home" in California. One Technologies is a Texas limited liability company with its principal place of business located in Texas. (Zittlau Decl. ¶ 2.) All of its members are Texas citizens. (*Id*. ¶ 2.) One Technologies does not have any employees in California and all of its executives and employees are based in Texas. (*Id*. ¶ 4.) Additionally, it does not have any operations in California, much less any "continuous and systematic" operations. (*Id*. ¶ 5.) It has never held any offices, property, assets, telephone listings, or bank accounts in California. (*Id*.) One Technologies, out of an abundance of caution, pays California corporate income tax on revenue generated from sales to California residents. (*Id*. ¶ 15.) But, none of those sales were made to plaintiff and thus its payment of taxes is unrelated to any of the conduct alleged in plaintiff's amended complaint. (*Id*. ¶ 16.) And, regardless, paying taxes falls far short of what is required to render a company "essentially at home" in California for general jurisdiction to attach. *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 999, 1021 (N.D. Cal. 2015).

Plaintiff's alleged receipt of text messages in California is insufficient to

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

51131676

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

confer general personal jurisdiction on One Technologies. *Phillips v. Worldwide Internet Solutions*, No. 05-cv-5125, 2006 WL 1709189, at \*5 (N.D. Cal. June 20, 2006) (finding no general personal jurisdiction against a defendant in a case alleging violations of California's anti-spam statute and the federal CAN-SPAM Act, despite the defendant having California customers and being "partnered" with California vendors because "engaging in commerce with residents of the forum state is not in and of itself the kind of activity th[at] approximates physical presence within the state's borders."); *see also Congoleum Corp. v. DL W Aktiengelsellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) ("no court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action"); *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001) (no general jurisdiction because "the mere placement of advertisements in nationally-distributed publications cannot be regarded as 'continuous and systematic' in nature."); *Haas v. A.M. King Indus., Inc.*, 28 F. Supp. 2d 644, 650 (D. Utah 1998). For these reasons, no general personal jurisdiction exists over One Technologies.

## V.   SPECIFIC PERSONAL JURISDICTION DOES NOT EXIST OVER ONE TECHNOLOGIES

If no general personal jurisdiction exists then plaintiff must establish specific personal jurisdiction to avoid dismissal.   Specific personal jurisdiction is only established if plaintiff's suit arises out of or sufficiently relates to the defendant's contacts with the forum. *Bristol-Myers Squibb*, 137 S. Ct. at 1780.  Thus, Supreme Court precedent holds that "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). Accordingly, plaintiff must show:

(1)   the foreign defendant does some act by which it purposefully

7

avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)     plaintiff's claim arises out of or results from the foreign defendant's forum-related activities; and

(3)     the exercise of jurisdiction would be reasonable.

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (affirming dismissal for lack of personal jurisdiction).  Plaintiff's failure to meet any of these three elements is fatal to establishing personal jurisdiction.  Here, plaintiff cannot satisfy any of these elements much less all three.

### A.     One Technologies Did Not Purposefully Avail Itself of the Privilege of Conducting Activities in California.

Plaintiff cannot show that One Technologies took any action to invoke the benefits or protections of California law such that exercising specific personal jurisdiction would be appropriate here.  Indeed, another court held that no specific jurisdiction existed on substantially similar facts.

In *Alvord v. Fluent*, the plaintiff alleged that the defendants violated the TCPA by sending unlawful text messages to plaintiffs without their consent. No. 2:19-cv-885, 2020 WL 4346960, at *1 (D. Utah July 29, 2020).  The defendants moved to dismiss based on lack of personal jurisdiction, claiming that no defendant specifically or purposely directed any activity toward the forum, that all text message marketing for the defendants was conducted via third-party publishers, and that all but four of the messages identified in the amended complaint did not come from any publisher engaged by defendants. *Id*.  The defendants submitted an affidavit explaining that they do not send any text messages themselves, but rather contract with third-party publishers to do so; that these publishers do not target any particular state; that the vast majority of the challenged text messages were not sent by authorized publishers of the defendants; and that the defendants were not aware of the origin of those messages. *Id*. at *3.  The court held that the plaintiffs failed

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

8

---

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1   to show that personal jurisdiction existed because the defendants' involvement

2   with the text messages at issue was "limited to contracting with third-party

3   publishers who do not target particular states" and because none of the revenue

4   derived from the forum state "was derived from or related to the text message at

5   issue." *Id*.

6         Another court recently found that no specific jurisdiction existed over One

7   Technologies in a case arising out of challenged email messages. *Durward,* 2019

8   WL 4930229, at *1.  There, the plaintiff alleged that One Technologies violated

9   California's anti-spam statute by engaging numerous third party advertising

10  affiliates to advertise for it, and that some of these affiliates "send millions of

11  unwanted and unlawful commercial e-mail messages to recipients that did not give

12  consent to receive them." *Id.* The court dismissed the case under rule 12(b)(2) after

13  finding specific personal jurisdiction lacking.  *Id.*[1]   The court found that the

14  plaintiff had provided no evidence that One Technologies specifically targeted

15  California even though advertising associated with One Technologies reached

16  consumers nationwide. *Id.*  The court noted that: publishers control all aspects of

17  transmitting the emails promoting One Technologies and make fundamental

18  decisions concerning the emails themselves, including choosing each email's

19  recipient; One Technologies does not decide the recipients of the emails that

20  publishers send; and One Technologies does not know, does not direct, and has no

21  control over, where the emails are sent, other than to prohibit publishers from

22  sending email advertisements to email addresses associated with recipients who

23  have requested to "opt-out" of receiving emails advertising One Technologies. *Id.*

24  _____

25  [1] Plaintiff subsequently requested, and the court granted, leave to conduct
    jurisdictional discovery. (Ex. D to RJN, at 5.)  After conducting discovery, the
26  plaintiff moved for reconsideration of the court's order to dismiss the case, and the
    court denied the motion for reconsideration.  (Ex. C to RJN, at 1.) Plaintiff
27  appealed.

28

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION
51131676

1   Thus, One Technologies did not have sufficient contacts with California to

2   establish purposeful availment.

3   Similarly, the Tenth Circuit found personal jurisdiction lacking in a case

4   involving alleged violations of the federal CAN-SPAM Act (the federal law

5   regulating unsolicited email marketing) because there was no evidence that the

6   challenged messages "target[ed] the forum state." *XMission, LC v. Fluent, LLC*,

7   955 F.3d 833, 838 (10th Cir. 2020) (defendant had not targeted the forum state

8   where it "ha[d] no involvement with or control over the origination, approval, or

9   delivery of the emails"; "d[id] not review the emails before they are sent, nor d[id]

10  it know the locations of the recipients nor decide who should receive the emails.") .

11  Moreover, the plaintiff "ha[d] not made any showing that [defendant] *knew* that

12  any email recipient resided in Utah" because it could not create a genuine issue of

13  fact to contravene defendant's declaration that it "does not see the emails before

14  they are sent by the publishers; know where (i.e., the location or the recipient) the

15  publishers send the emails; or decide the customers to whom the publishers should

16  publish the emails." *Id. See also Castillo v. Caesars Entm't Corp*., No. 18-cv-

17  05781, 2018 WL 6199682 (N.D. Cal. Nov. 28, 2018) (no specific jurisdiction

18  where Nevada-based hotel sent a single SMS message to a California guest at a

19  California phone number).

20  Likewise, in *Zoobuh v. Williams*, the court granted a defendant's motion to

21  dismiss for lack of personal jurisdiction claims challenging unsolicited email

22  messages sent by third parties. No. 2:13-cv-0791, 2014 WL 7261786, at *6 (D.

23  Utah Dec. 18, 2014). The defendant declared that it "has no involvement with, or

24  control over, the origination, approval, or delivery of the emails. It does not draft

25  the content of the emails sent by the publishers; review or approve them; know

26  where (i.e., the location or the recipient) the publishers send the emails; or decide

27  the customers to whom the publishers should publish the emails." *Id*. *5. The

28  court held that it could not find that the defendant "directly took any actions that

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

10
51131676

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1   are the subject of this litigation.  Instead, Defendant used third parties who sent the
2   emails of which Plaintiff complains." *Id.*

3         Here, any basis for finding personal jurisdiction is even weaker than in
4   *Alvord, Durward, XMission*, and *Zoobuh* because One Technologies had no
5   involvement in the text messages alleged in the amended complaint:  it did not
6   send the text messages, authorize the sending of the text messages, direct a third
7   party to send the text messages, draft the messages, control the content of the
8   messages, choose the recipients of the messages, or obtain the telephone numbers
9   from which the messages were sent.  (Zittlau Decl. ¶¶ 13-14.)  In fact, the text
10  messages do not mention One Technologies or any of its brands.
11  (Zittlau Decl. ¶¶ 13(i).)

12        Although plaintiff attaches copies of the text messages to the FAC, and
13  alleges that "[u]pon clicking on the link, Plaintiff was redirected to a website
14  warning Plaintiff that he may be affected by the recent Equifax Data Breach, and
15  instructing Plaintiff to click on another link" and that "[u]pon clicking on that link,
16  Plaintiff **would be** redirected to one of the many partner websites of One
17  Technologies, LLC, including freescore360.com or ScoreSense" (FAC ¶ 28)
18  (emphasis added), he did not attach to his complaint any proof that he actually was
19  redirected to any One Technologies website and indeed alleges that he "would be"
20  redirected not that he was redirected.  Likewise, plaintiff alleges that "[u]sing the
21  Internet and his technical expertise, Plaintiff traced each of these messages back to
22  the Defendant" (FAC ¶ 30) but provides nothing supporting this conclusory
23  allegation.

24        Further, while One Technologies engages independent contractors known as
25  "publishers" or "affiliates" to advertise One Technologies' products and services,
26  One Technologies prohibits them from promoting its products and services via text
27  messages or telemarketing.  (*Id.* ¶¶ 10-13, Ex. A at 10.)  Likewise, One
28  Technologies itself does not send any text messages to promote its products and

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

51131676

1    services. (Zittlau Decl. ¶ 10.)  One Technologies also has no record of plaintiff or

2    the phone number referenced in the amended complaint in any databases where

3    such information would be stored. (*Id*. ¶¶ 13(e).)  It also did not engage any call

4    center, publisher, or affiliate to send any text messages to plaintiff, or any text

5    messages like the ones challenged in the amended complaint. (*Id*. ¶¶ 13(f) & (g).)

6    One Technologies has no record of an individual named "Kai Johnson" with a

7    corresponding telephone number ending in 6842 in One Technologies' records.

8    (*Id*. ¶ 13(h).)  Thus, One Technologies has no record of sending text messages to

9    the plaintiff or of the text messages plaintiff alleges he received and does not know

10   the origin of the text messages. (*Id*. ¶¶ 13-14.)  In fact, One Technologies did not

11   even know about the text messages over which plaintiff sues until this dispute

12   arose. (*Id*. ¶ 14.)

13       To be sure, One Technologies does not use, promote its services, or sell

14   anything on any of the URLs or domains contained in the text messages provided

15   in the amended complaint or in Exhibit A to the amended complaint. (Zittlau Decl.

16   ¶¶ 13(b) & (c).)  One Technologies also has not authorized any third parties to use,

17   or sell or promote any products or services on, any of the domain names or URLs

18   contained in the text messages in the amended complaint or in Exhibit A to the

19   amended complaint. (*Id*. ¶ 13(c).)  One Technologies did not use, and did not

20   authorize any third party to use, any of the telephone numbers used to send the text

21   messages referenced in Exhibit A of the amended complaint. (*Id*. ¶ 13(d).)

22       Even assuming plaintiff could prove that the messages he received

23   advertised One Technologies, dismissing One Technologies for lack of personal

24   jurisdiction would be consistent with cases holding that merely establishing that

25   advertisements associated with the defendant reached consumers in the forum state

26   is insufficient to establish purposeful availment. *Alsop v. Carolina Custom Prods.,*

27   *Inc.*, No. 07-cv-0212, 2007 WL 2441025, at *7 (C.D. Cal. June 29, 2007) (finding

28   defendant did not purposefully direct its activity at California where company

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

12

51131676

advertised in motorcycle magazines that were nationally distributed); *Cascade Corp. v. HiabFoco AB*, 619 F.2d 36, 37 (9th Cir. 1980) (personal jurisdiction would offend traditional notions of fair play and substantial justice despite the nonresident defendant advertising its product in national periodicals that circulated in the forum state); *Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*, No. 10-cv-1068, 2011 WL 333337, at *3 (D. Ariz. Jan.31, 2011) (nationwide email advertisements did not constitute "individualized targeting" needed to establish specific jurisdiction); *Phillips v. Worldwide Internet Sols.*, No. 05-cv-5125, 2006 WL 1709189, at *5 (N.D. Cal. June 20, 2006); *Haas v. A.M. King Indus., Inc.*, 28 F. Supp. 2d 644, 650 (D. Utah 1998). The inquiry into specific personal jurisdiction ends here, and the Court may dismiss plaintiff's complaint on this ground alone.

## B. Plaintiff's Claim Does Not Arise Out Of One Technologies' Scant Forum-Related Activities.

Plaintiff's claim does not and cannot arise out of One Technologies' forum-related activities because One Technologies did not send, authorize, direct, or arrange the sending of the text messages at issue. *Burger King v. Rudzewicz*, 471 U.S. 462, 477-78 (1985) (requiring "substantial connection" between defendant's forum contacts and plaintiff's claim); *Durward,* 2019 WL 4930229; *XMission, L.C.*, 955 F.3d at 840 (10th Cir. 2020) ("The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum.") (citing *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017)). In fact, One Technologies did not even know about the existence of the text messages at issue or plaintiff's identity until this dispute arose. (Zittlau Decl. ¶ 17.)

Further, in dismissing One Technologies in *Durward*, the court found that the plaintiff's allegations under California's anti-spam law did not arise out of One Technologies' forum-related activities because the plaintiff's claim arose from the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

13

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

email messages she alleges she received, not from any interaction with One Technologies' website. (Ex. A to RJN, at 9).  The court found that the plaintiff's alleged injury did not arise from any alleged targeting of California consumers by One Technologies' website, and One Technologies' website's availability to California customers did not confer specific personal jurisdiction on the Court. *Id.* Accordingly, One Technologies' website's availability to California customers did not confer specific personal jurisdiction because plaintiff's claim arose from the allegedly unlawful messages she received, not from any interaction with One Technologies' website. *Id*; *see also Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) (prohibiting "allow[ing] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis.").  The mere fact that a plaintiff suffered alleged harm in the forum state is insufficient to justify exercising personal jurisdiction over a non-resident defendant. *Id*.   Rather, the plaintiff must establish the "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 1122.

As in *Durward*, plaintiff does not claim that he visited One Technologies' website.  His allegations arise out of text messages he claims he received from a third party as opposed to any interaction with One Technologies' website or any other forum-related activities.  Plaintiff also did not make any purchase from One Technologies, and One Technologies did not obtain any revenue from the challenged text messages. (Zittlau Decl. ¶¶ 15-16.)

Thus, this case is unlike those where courts have found personal jurisdiction over a company that has an online presence that directly related to the conduct giving rise to the cause of action.  For example, *Thurston* found personal jurisdiction where plaintiff alleged that defendant's website prevented visually impaired users from accessing the site in violation of the California Unruh Act because plaintiff's claims "ar[ose] out of [defendant's] contacts with California." *Thurston v. Airfield Collectibles of Georgia, LLC,* 53 Cal. App. 5th 1231 (2020).

Likewise, in *Snowney*, the court found specific jurisdiction existed where a nonresident defendant hotel "specifically targeted residents of California" on its website by touting the proximity of the defendants' hotels to California and providing driving directions from California to their hotels. *Snowney v. Harrah's Entm't, Inc.*, 35 Cal. 4th 1054, 1068-69 (2005).   The court found exercise of personal jurisdiction proper because plaintiff's causes of action were "premised on alleged omissions [of energy surcharges] during defendants' consummation of transactions with California residents <u>and</u> in their <u>California</u> advertisements." *Id.* at 1069. ("[b]ecause the harm alleged by plaintiff relate[d] directly to the content of defendants' promotional activities in California, an inherent relationship between plaintiff's claims and defendants' contacts with California exists") (emphasis added).

In contrast, plaintiff's alleged injury here arises from text messages, rather than visits to One Technologies' website or any unalleged sales One Technologies made to him.   Under the law, plaintiff must demonstrate that his alleged injuries "arise out of or are related to" One Technologies' activities in the forum state. Plaintiff has not shown such a nexus here, and plaintiff cannot establish that his claim arises out of One Technologies' forum-related activities.

To be sure, the conduct of any unauthorized third party in allegedly sending text messages to this California plaintiff cannot be imputed to One Technologies. Even if the messages were sent by one of One Technologies' publishers, these publishers are independent contractors that provide marketing services for many companies, not just One Technologies. (Zittlau Decl. ¶ 11; *see also* Exhibit A to Zittlau Decl., One Technologies, LLC, Affiliate Network Marketing Agreement ("15. Relationship of the Parties. Each of the parties is an independent contractor under this Agreement.  Nothing in this Agreement creates any partnership, joint venture, agency, franchise, sales representative or employment relationship between the parties, and neither party has the power to obligate or bind the other

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

51131676

party in any manner whatsoever.")); *Kransco Mfg., Inc. v. Markwitz*, 656 F2d 1376, 1378 (9th Cir. 1981) (foreign defendant usually not subject to local jurisdiction because of "contacts" by an independent contractor, e.g., a local distributor who handles many products, including those of foreign corporation). Further, any text messages promoting One Technologies' products and services sent by third parties were unauthorized and sent in violation of One Technologies' Affiliate Network Marketing Agreement (*See* Ex. 1, Zittlau Decl. ¶ 12; Exhibit A to Zittlau Decl., One Technologies, LLC, Affiliate Network Marketing Agreement, General Affiliate Marketing Guidelines ("Offers may not be marketed on or via: Text Messaging, MMS . . . [or] Telemarketing").)

To the extent that plaintiff seeks to establish jurisdiction over One Technologies based upon the activities of third parties, he bears the burden of setting forth facts sufficient to demonstrate an agency relationship. *Bright v. Primary Source Media*, No. 98-cv-1313, 1998 WL 671247, at *5 (N.D. Cal. Sept. 29, 1998). *See also Campanelli v. Image First Unif. Rental Serv., Inc.*, No. 15-cv-04456, 2016 WL 4729173, at *6 (N.D. Cal. Sept. 12, 2016) (rejecting personal jurisdiction where plaintiff did not meet its burden of proving a prima facie case of agency relationship); *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 (9th Cir. 2017) (holding court lacked specific personal jurisdiction premised on agency theory where appellants "failed to make out a prima facie case for any such agency relationship"). Thus, in *Phillips v. Worldwide Internet Sols.*, the court found that an affiliate marketer sending email messages promoting a defendant's website "is not sufficient to show—or even suggest—that [the affiliate marketer] was acting on behalf of [the defendant]." No. 05-cv-5125, 2006 WL 1709189, at *6 n.6 (N.D. Cal. June 20, 2006). *See also Zoobuh, Inc. v. Williams*, No. 2:13-cv-79, 2014 WL 7261786, at *5 (D. Utah Dec. 18, 2014) (rejecting plaintiff's attempt to "impute the actions of [] third-party publishers" onto defendant for personal jurisdiction because there was "no evidence upon which the Court could find an agency

16

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1  relationship" given that defendant "has stated that it has no involvement with or

2  control over the origination, approval, or delivery of the emails."); *Knapp v. Sage*

3  *Payment Solutions*, No. 17-cv-03591, 2018 WL 659016, at *7 (N.D. Cal. Feb. 1,

4  2018 (no personal jurisdiction existed over TCPA claims where the messages were

5  sent in violation of the defendant's agreement with its marketing affiliate and

6  defendant "was not aware that [a third party] might have allegedly sent any fax

7  solicitations until after the [] lawsuit was filed.").).

8    Similarly, in *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, the court found

9  no personal jurisdiction existed where the defendant "did not authorize, approve or

10  direct the sending of the faxes at issue" and "did not have any knowledge of the

11  faxes at issue."  965 F. Supp. 2d 701, 705 (D. Md.), *on reconsideration in part*,

12  977 F. Supp. 2d 544 (D. Md. 2013).  And, in *Turizo v. Jiffy Lube Int'l, Inc.*, the

13  court found that personal jurisdiction did not exist over the defendant in a TCPA

14  case where the defendant did not send the offending text messages, did not

15  authorize the sending of text messages, did not know that they would be sent, and

16  did not direct or control any marketing campaign pursuant to which the third party

17  sent the alleged text messages. No. 19-cv-61140, 2019 WL 4737696, at *4 (S.D.

18  Fla. Sept. 27, 2019). The same reasoning applies here, and plaintiff has not shown

19  that his claim arises out of One Technologies' forum-related activities, as required

20  to find personal jurisdiction over One Technologies.

21    **C.** **Exercising Jurisdiction over One Technologies Would Offend**

22     **Traditional Notions of Fair Play and Substantial Justice.**

23    Assuming that plaintiff could establish purposeful availment and that his

24  claim arises out of One Technologies' forum-related activities, the Court should

25  still dismiss One Technologies because the exercise of jurisdiction over it would be

26  unfair and unjust. *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102,

27  113 (1987) (in making the "reasonableness" determination, courts consider "the

28  burden on the defendant, the interests of the forum State, and the plaintiff's interest

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1   in obtaining relief.").

2   Here, the burden imposed on One Technologies by having to litigate in

3   California is significant.  All of One Technologies' documents and witnesses that

4   might be relevant to this action are located in Texas, its principal place of business.

5   (Zittlau Decl. at ¶ 8.)   Next, California's interest in pursuing a Texas limited

6   liability company based in Texas for messages that the company did not authorize,

7   direct, control, or even know were sent to a California citizen is minimal. (Zittlau

8   Decl. at ¶ 12.)  Finally, plaintiff's interest in obtaining relief (to the extent he can

9   prove he is entitled to such relief) is unaffected by dismissal because One

10   Technologies does not contend that it cannot be sued anywhere—just not in

11   California under the facts of this case.  Accordingly, exercising jurisdiction over

12   One Technologies would not comport with "traditional notice of fair play and

13   substantial justice." *Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414, 415, 418 (9th

14   Cir. 1997) ("so far as [it is] aware, no court has ever held that an Internet

15   advertisement alone is sufficient to subject the advertiser to jurisdiction in the

16   plaintiff's home state").

## VI.   CONCLUSION

18   Plaintiff cannot establish general jurisdiction because One Technologies is a

19   Texas limited liability company based in Texas that is not otherwise "at home" in

20   California.   Plaintiff cannot establish specific jurisdiction because One

21   Technologies did not send the text messages at issue, authorize, direct or arrange

22   for their sending, much less intentionally send them into California or to plaintiff;

23   and exercising jurisdiction would be unfair and unjust under the balancing of the

24   equities.  Therefore, the Court should grant One Technologies' motion and dismiss

25   the action under Rule 12(b)(2).

26   ///

27   ///

28   ///

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

51131676

Dated:  January 19, 2021                    VENABLE LLP

                                            By:   */s/ Ari N. Rothman*
                                                  Ari N. Rothman
                                                  Bryan Weintrop
                                            Attorneys for Defendant
                                            One Technologies, LLC

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

51131676

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900